UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

GEORGE DOHERTY,
     Plaintiff,

v.

CITY OF EVERETT; MAYOR DAVID
RAGUCCI; JAMES ROGERS, individually and in
his capacity as Chief of Police in the City of Everett
Police Department; JOHN CRISTIANO,
individually and in his capacity as
Lieutenant in the City of Everett Police Department;
JOHN ELLSWORTH, individually and in his
capacity as Officer in the City of Everett Police
Department; MATTHEW CUNNINGHAM,
individually and in his capacity as Officer in the
City of Everett Police Department;
ALFRED SABELLA, individually and in his
capacity as Detective in the City of Everett Police
Department; JOHN DOE, individually and in
his capacity as Officer in the City of Everett
Police Department,
     Defendants.

Civil Action No.

05-10405NMG

MAGISTRATE JUDGE Alexander

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 42 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions. The Plaintiff invokes the pendant jurisdiction of this Court to hear and decide claims arising under state law. At all times relevant hereto, the Defendants were acting under color of state law.

## PARTIES

2. The Plaintiff, George Doherty, is a Massachusetts resident presently residing in Stoneham, Middlesex County, Massachusetts.

3. The Defendant, City of Everett, is a public employer, subject to suit under M.G.L. c. 258, § 2, and is responsible for the practices, conduct and policies of the City of Everett Police Department, including adequate hiring, testing, training, instructing, supervising, controlling, investigation and disciplining of Everett Police Officers, and otherwise ensuring that law enforcement in the City of Everett is carried out properly.

4. The Defendant, Mayor David Ragucci is the Mayor of Everett, Massachusetts, and is responsible for the practices, conduct and policies of the Everett Police Department, including adequate hiring, testing, training, instructing, supervising, controlling, investigation and disciplining of Everett Police Officers, and otherwise ensuring that law enforcement in the City of Everett is carried out properly.

5. The Defendant, James Rogers, was the Chief of Police for the Everett Police Department at the time of the incident at issue in this case, in or about March 6, 2002. As Chief of Police, Defendant was responsible for the practices, conduct and policies of the Everett Police Department, including adequate hiring, testing, training, instructing, supervising, controlling, investigation and disciplining of Everett Police Officers, and otherwise ensuring that law enforcement in the City of Everett is carried out properly.

6. The Defendant, John Cristiano, is, and at all relevant times has been, a Lieutenant for the City of Everett Police Department. Upon information and belief, he is a citizen of the Commonwealth of Massachusetts.

7. The Defendant, John Ellsworth, is, and at all relevant times has been, an Officer for the City of Everett Police Department. Upon information and belief, he is a citizen of the Commonwealth of Massachusetts.

8. The Defendant, Matthew Cunningham, is, and at all relevant times has been, an Officer for the City of Everett Police Department. Upon information and belief, he is a citizen of the Commonwealth of Massachusetts.

9. The Defendant, John Doe, is, and at all relevant times has been, an Officer for the City of Everett Police Department. Upon information and belief, he is a citizen of the Commonwealth of Massachusetts.

10. The Defendant, Alfred Sabella, is, and at all relevant times has been, a Detective for the City of Everett Police Department. Upon information and belief, he is a citizen of the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

11. George Doherty is, and at all relevant times has been, an employee of the Doherty Funeral Home in Somerville, Massachusetts.

12. On March 6, 2002, Doherty was traveling in his company's hearse to Woodlawn Cemetery in Everett, Massachusetts for business purposes. At that time, cemetery workers, including Robert Dudley and Anthony Resca, were on strike and standing outside Woodlawn Cemetery.

13. Doherty signaled to turn into the cemetery and started to enter it.

14. The police officer on duty gave Doherty no signal or instruction to stop.

15. Unprovoked by Doherty, picketers Robert Dudley and Anthony Resca jumped in front of the hearse and on top of the hood of the hearse.

16. Don Creswell, a security officer for Woodlawn Cemetery, witnessed the incident in full.

17. A cemetery surveillance camera taped the incident in full.

18. The videotape of the incident from the surveillance camera clearly depicts cemetery workers Dudley and Resca initiating the confrontation with Doherty and the hearse.

19. Defendant Lieutenant John Cristiano and other officers from the City of Everett Police Department, including Officer Matthew Cunningham, Officer John Doe, and Detective Alfred Sabella, responded to the situation.

20. Doherty was arrested without sufficient probable cause and taken into custody by Defendant Lieutenant John Cristiano and other officers from the City of Everett Police Department.

21. Defendant Lieutenant John Cristiano viewed the videotape from the cemetery's surveillance camera.

22. At the Everett police station, Doherty was kept in a holding cell for several hours.

23. On or about March 7, 2002, Defendant Officer John Ellsworth applied for a criminal complaint against Doherty in Malden District Court, falsely charging him with assault and battery with a dangerous weapon, assault with a dangerous weapon, and failure to stop for police.

24. Upon information and belief, Officer Ellsworth either did not view the videotape, which was in police custody, or watched the videotape and completely disregarded it in making the determination to apply for a criminal complaint against Doherty.

25. Upon information and belief, Don Creswell, the Woodlawn Cemetery security officer who witnessed the March 6, 2002 incident, was either not consulted about his

4

observations concerning the incident, or was consulted and ignored in the application for criminal complaint against Doherty.

26. Defendant Lieutenant John Cristiano provided false information in the police report he prepared to document the incident leading to Doherty's arrest. Specifically, Defendant Cristiano stated that he viewed the videotape of the incident from the surveillance camera, and "upon review of the tape it appears that the operator intentionally drove at the picketers striking Mr. Dudly" and that it was "unclear if Mr. Resca was struck or jumped on the hood of the hearse." In the "Crash Narrative" portion of the police report form, Defendant Cristiano reported that Doherty "drove into picketers striking two pedestrians in cross walk."

27. Defendant Matthew Cunningham prepared a "Supplemental Narrative Report" of the incident, in which he falsely states that while accelerating the vehicle in an attempt to move it through the picket line, Doherty struck picketer Anthony Resca with the hearse.

28. The videotape clearly depicts cemetery workers Dudley and Resca initiating the confrontation with Doherty and the hearse, and therefore Defendant Cristiano's and Cunningham's police reports are obviously false and deceptive attempts to contrive some basis to support their false arrest.

29. Defendant Officer Ellsworth was granted a criminal complaint against Doherty based on the false information he provided.

30. The complaint against Doherty was dismissed based on the recommendation of the Middlesex County District Attorney's Office who viewed the surveillance videotape.

31. Defendants knew or should have known that they had no probable cause to arrest and charge Doherty for any criminal offense whatsoever.

the videotape evidence on hand that conclusively established there was no probable cause for Plaintiff's arrest.

38.  The aforementioned police officers also created false police reports to cover up their false arrest of Doherty.

39.  The Defendants committed the above described actions and omissions under color of law and under color of their authority as officers and county and state employees, thereby substantially depriving Doherty of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §1983, and depriving Doherty of rights guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution including but not limited to:

   a.  Right to bodily integrity;

   b.  Freedom from unlawful seizure of his person;

   c.  Freedom from the use of unjustified force; and

   d.  Freedom from a deprivation of liberty without due process of law.

40.  As a direct and proximate result of Defendants' actions and inactions, Doherty was subjected to a false arrest, unlawful confinement, and suffered physical and mental personal injuries.

WHEREFORE, Doherty demands judgment, against the Defendants, jointly and severally, for compensatory and punitive damages, together with costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988(b) and pre- and post-judgment interest, a declaratory judgment that the acts complained of herein are illegal and unconstitutional and such further relief as this Court deems appropriate.

## COUNT II
### (42 U.S.C. §§ 1983 and 1988 – LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

41. Doherty repeats and realleges Paragraphs 1 through 40 of the instant Complaint as if expressly rewritten and set forth herein.

42. On or about March 6 and 7, 2002, the aforementioned police officers, separately and in concert, in agreement and conspiracy with each other, intentionally arrested plaintiff without probable cause and with reckless disregard for Doherty's statutory and Constitutional rights, and/or improperly sought an application for a criminal complaint, disregarding the videotape evidence on hand that conclusively established there was no probable cause for Plaintiff's arrest.

43. The aforementioned police officers also created false police reports to cover up their false arrest of Doherty.

44. The Defendants committed the above described actions and omissions under color of law and under color of their authority as officers and county and state employees, thereby substantially depriving Doherty of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §1983, and depriving Doherty of rights guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution including but not limited to:

  a. Right to bodily integrity;

  b. Freedom from unlawful seizure of his person;

  c. Freedom from the use of unjustified force; and

   d.  Freedom from a deprivation of liberty without due process of law.

45. As a direct and proximate result of Defendants' actions and inactions, Doherty was subjected to a false arrest, unlawful confinement, and suffered physical and mental personal injuries.

WHEREFORE, Doherty demands judgment, against the Defendants, jointly and severally, for compensatory and punitive damages, together with costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988(b) and pre- and post-judgment interest, a declaratory judgment that the acts complained of herein are illegal and unconstitutional and such further relief as this Court deems appropriate.

## PENDANT CLAIMS

### COUNT III
### (MASSACHUSETTS TORT CLAIMS ACT, M.G.L. c. 258 – CITY OF EVERETT/MAYOR DAVID RAGUCCI)

46. Doherty repeats and realleges Paragraphs 1 through 45 of the instant Complaint as if expressly rewritten and set forth herein.

47. At all times relevant hereto, the Defendants were the public employer of the police officers responsible for arresting Doherty without probable cause, and seeking a criminal complaint against him, intentionally or with reckless disregard of the videotape evidence that confirmed that no probable cause existed for the arrest.

48. At all times relevant hereto, the Defendants were responsible for the hiring, supervision, training, and management of the police officers employed by the City of Everett Police Department.

49. The Defendants breached their duties by negligently, carelessly and recklessly hiring, training, supervising, and managing the aforementioned police officers, including

specifically Defendants Lieutenant Cristiano and Officer John Ellsworth, and by committing other acts or omissions which are not now known but may be learned through discovery.

50. On or about March 6 and 7, 2002, the aforementioned police officers negligently, carelessly and recklessly created false police reports and arrested plaintiff without probable cause, in violation of Doherty's statutory and Constitutional rights, and/or improperly sought an application for a criminal complaint, disregarding the videotape evidence on hand that conclusively established there was no probable cause for Plaintiff's arrest.

51. As a direct and proximate result of the aforementioned negligence, carelessness and recklessness, Doherty suffered physical and mental personal injuries actionable under M.G.L. c. 258, § 2.

WHEREFORE, Doherty demands judgment against the Defendants for compensatory damages, together with costs, including reasonable attorney's fees and pre- and post-judgment interest, and such further relief as this Court deems appropriate.

## COUNT IV
### (MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12, § 11I – CITY OF EVERETT/MAYOR DAVID RAGUCCI)

52. Doherty repeats and realleges Paragraphs 1 through 51 of the instant Complaint as if expressly rewritten and set forth herein.

53. At all times relevant hereto, the Defendants were responsible for the hiring, supervision, training, and management of the police officers employed by the City of Everett Police Department.

54. The Defendants breached their duties by negligently, carelessly and recklessly hiring, training, supervising, and managing the aforementioned police officers, including

specifically Defendants Lieutenant Cristiano and Officer John Ellsworth, and by committing other acts or omissions which are not now known but may be learned through discovery.

55. By engaging in the aforementioned negligent, careless and reckless acts, Defendants violated Doherty's civil rights secured by the United States Constitution and the Massachusetts Declaration of Rights by using threats, intimidation and/or coercion, a violation of the Massachusetts Civil Right Act, M.G.L. c. 12, § 11I.

56. Defendants committed the above-described actions thereby substantially depriving Doherty of his rights, privileges, and immunities guaranteed to him by the United States Constitution and the Massachusetts Declaration of Rights including but not limited to:

    a. Right to bodily integrity;

    b. Freedom from unlawful seizure of his person;

    c. Freedom from the use of unjustified force; and

    d. Freedom from a deprivation of liberty without due process of law.

57. As a direct and proximate result of Defendants' actions, Doherty suffered physical and mental personal injuries.

WHEREFORE, Doherty demands judgment against the Defendants for compensatory damages, together with costs pursuant to M.G.L. c. 12 § 11I, including reasonable attorney's fees and pre- and post-judgment interest, and such further relief as this Court deems appropriate.

## COUNT V
### (ASSAULT AND BATTERY v. LIEUTENANT JOHN CRISTIANO)

58. Doherty repeats and realleges Paragraphs 1 through 57 of the instant Complaint as if expressly rewritten and set forth herein.

59. On or about March 6, 2002, Defendant Lieutenant John Cristiano committed an assault and battery on Doherty by intentionally and unjustifiably using force to arrest Doherty without probable cause.

60. As a direct and proximate result of Defendant's actions, Doherty suffered physical and mental personal injuries.

WHEREFORE, Doherty demands judgment against the Defendant for compensatory damages, together with costs, including reasonable attorney's fees and pre- and post-judgment interest, and such further relief as this Court deems appropriate.

## COUNT VI
### (FALSE IMPRISONMENT v. LIEUTENANT JOHN CRISTIANO)

61. Doherty repeats and realleges Paragraphs 1 through 60 of the instant Complaint as if expressly rewritten and set forth herein.

62. By carelessly and recklessly arresting Doherty without probable cause and causing him to undergo an unlawful confinement, Defendant Lieutenant John Cristiano restrained Doherty's freedom of movement, thereby falsely imprisoning him.

63. Plaintiff was deprived of his freedom, damaged in his reputation, embarrassed, prevented from engaging in his usual activities, and caused to endure pain, suffering, and mental anguish.

WHEREFORE, Doherty demands judgment against the Defendant for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT VII
### (MALICIOUS PROSECUTION v. LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

64. Doherty repeats and realleges Paragraphs 1 through 63 of the instant Complaint as if expressly rewritten and set forth herein.

65. On or about March 6 and 7, 2002, the Defendants separately and in concert, in agreement and conspiracy with each other, negligently, carelessly and recklessly arrested Doherty without probable cause, in violation of Doherty's statutory and Constitutional rights, and thereafter maliciously sought an application for a criminal complaint, intentionally disregarding the videotape evidence on hand that conclusively established there was no probable cause for Plaintiff's arrest.

66. Defendants' actions and inactions interfered with Doherty's right to be free from unjustifiable litigation.

67. The complaint against Doherty was dismissed based on the recommendation of an Assistant District Attorney who viewed the surveillance videotape.

68. As a direct and proximate result of Defendants' actions and inactions, Doherty suffered severe mental and emotional distress. Doherty was deprived of his freedom, damaged in his reputation, embarrassed, prevented from engaging in his usual activities, and caused to endure pain, suffering, and mental anguish.

WHEREFORE, Doherty demands judgment against the Defendants for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT VIII
## (ABUSE OF PROCESS v. LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

69.  Doherty repeats and realleges Paragraphs 1 through 68 of the instant Complaint as if expressly rewritten and set forth herein.

70.  On or about March 6 and 7, 2002, the Defendants separately and in concert, in agreement and conspiracy with each other, negligently, carelessly and recklessly arrested Doherty without probable cause, in violation of Doherty's statutory and Constitutional rights, and thereafter maliciously sought an application for a criminal complaint, intentionally disregarding the videotape evidence on hand that conclusively established there was no probable cause for Plaintiff's arrest.

71.  Defendants' actions and inactions constitute use of the criminal process to accomplish an unlawful purpose – *i.e.*, the arrest and confinement of Doherty without probable cause.

72.  As a direct and proximate result of Defendants' actions and inactions, Doherty suffered severe mental and emotional distress. Plaintiff was deprived of his freedom, damaged in his reputation, embarrassed, prevented from engaging in his usual activities, and caused to endure pain, suffering, and mental anguish.

WHEREFORE, Doherty demands judgment against the Defendants for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT IX
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

73.     Doherty repeats and realleges Paragraphs 1 through 72 of the instant Complaint as if expressly rewritten and set forth herein.

74.     On or about March 6 and 7, 2002, the aforementioned police officers negligently, carelessly and recklessly arrested Doherty without probable cause, in violation of Doherty's statutory and Constitutional rights, and improperly sought an application for a criminal complaint, disregarding the videotape evidence on hand that conclusively established there was no probable cause for Plaintiff's arrest.

75.     Defendants knew or should have known that by carelessly and recklessly arresting Doherty without probable cause and causing him to undergo an unlawful confinement, they would cause Doherty to suffer emotional distress.

76.     Defendants' careless and reckless actions are extreme, outrageous, and intolerable acts of humiliation that transcends the bounds of decency.

77.     Doherty suffered severe mental and emotional distress, anguish and embarrassment as a result of the incident, which was caused by Defendants' actions, just as any reasonable person in the situation would feel when subjected to an arrest without probable cause and an unlawful confinement.

WHEREFORE, Doherty demands judgment against the Defendants for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

## COUNT X
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS v. LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

78.  Doherty repeats and realleges Paragraphs 1 through 77 of the instant Complaint as if expressly rewritten and set forth herein.

79.  On or about March 6 and 7, 2002, the aforementioned police officers negligently, carelessly and recklessly arrested Doherty without probable cause, in violation of Doherty's statutory and Constitutional rights, and improperly sought an application for a criminal complaint, disregarding the videotape evidence on hand that conclusively established there was no probable cause for Plaintiff's arrest.

80.  Defendants knew or should have known that by carelessly and recklessly arresting Doherty without probable cause and causing him to undergo an unlawful confinement, they would cause Doherty to suffer emotional distress.

81.  At the very least, Defendants were negligent and careless by arresting Doherty without probable cause and causing him to undergo an unlawful confinement.

82.  Doherty suffered severe mental and emotional distress, anguish and embarrassment as a result of the incident, which was caused by the Defendants' actions, just as any reasonable person in the situation would feel when subjected to an arrest without probable cause and an unlawful confinement.

32. As a result of the false arrest, wrongful imprisonment, and malicious prosecution, Doherty paid attorney's fees to defend himself on the false charges, lost time from work, suffered and continues to suffer emotional distress, bodily harm, and loss of reputation.

33. Pursuant to M.G.L. c. 258, § 2, on February 24, 2004 presentment letters were sent to City of Everett Chief of Police Steve Mazzie, City of Everett Board of Alderman President Robert VanCampen, Everett City Clerk John Hanlon, Everett City Solicitor Robert Gordon, and City of Everett Common Council President Joseph Hickey.

## CAUSES OF ACTION

### COUNT I
### (42 U.S.C. §§ 1983 and 1988 – CITY OF EVERETT/ MAYOR DAVID RAGUCCI/ CHIEF JAMES ROGERS)

34. Doherty repeats and realleges Paragraphs 1 through 33 of the instant Complaint as if expressly rewritten and set forth herein.

35. At all times relevant hereto, the Defendants were responsible for the hiring, supervision, training, and management of the police officers employed by the City of Everett Police Department.

36. The Defendants breached their duties by negligently, carelessly and recklessly hiring, training, supervising, and managing the aforementioned police officers, including specifically Defendants Lieutenant Cristiano and Officer John Ellsworth, and by committing other acts or omissions which are not now known but may be learned through discovery.

37. On or about March 6 and 7, 2002, the aforementioned police officers intentionally arrested Doherty without probable cause and with reckless disregard of Doherty's statutory and Constitutional rights and improperly sought an application for a criminal complaint, disregarding

WHEREFORE, Doherty demands judgment against the Defendants for an amount adequate to compensate him for his injuries, costs, and such further relief as this Court deems appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
GEORGE DOHERTY,
By his Attorney,

Peter Charles Horstmann, Esquire
B.B.O. # 556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 859-9999

◊JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GEORGE DOHERTY

**DEFENDANTS**
City of Everett, Mayor David Ragucci, James Rogers, John Cristiano, John Ellsworth, Matthew Cunningham and Alfred Sabella

(b) County of Residence of First Listed Plaintiff   MIDDLESEX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   MIDDLESEX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter Charles Horstmann
Partridge, Ankner & Horstmann, LLP; 200 Berkeley St., 16th Flr., Boston, MA 02116; (617) 859-9999

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  |  |
|  | / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. sec. 1983 and 1988
Brief description of cause:
False arrest in violation of federal and state civil rights laws.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 3/3/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   GEORGE DOHERTY v. CITY OF EVERETT, et.al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Al<
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for
             patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                            YES ___   NO _X_

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                            YES ___   NO _X_
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                            YES ___   NO ___

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                            YES ___   NO _X_

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    If yes, in which division do all of the non-governmental parties reside?

    Eastern Division    X      Central Division __

Western Division __

    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division __      Central Division __

Western Division __

1. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES __    NO X

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Peter Charles Horstmann
ADDRESS    Partridge, Ankner & Horstmann, LLP
     200 Berkeley Street, 16th Floor, Boston, Massachusetts 02116
TELEPHONE NO.    (617) 859-9999

(CategoryForm.wpd - 2/15/05)