UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GEORGE DOHERTY** ) | |
| ) | |
| **VS.** ) | **Civil Action No. 05-10405NMG** |
| ) | |
| **CITY OF EVERETT; MAYOR DAVID** ) | |
| **RAGUCCI; JAMES ROGERS, individually** ) | |
| **and in his capacity as Chief of Police in the** ) | |
| **City of Everett Police Department;** ) | |
| **JOHN CRISTIANO, individually and in his** ) | |
| **capacity as Lieutenant in the City of Everett Police** ) | |
| **Department; JOHN ELLSWORTH, individually** ) | |
| **and in his capacity as Officer in the City of Everett** ) | |
| **Police  Department; MATTHEW CUNNINGHAM,** ) | |
| **individually and in his capacity as Officer in the** ) | |
| **City of Everett Police Department;** ) | |
| **ALFRED SABELLA, individually and in his** ) | |
| **capacity as Detective in the City of Everett** ) | |
| **Police Department; JOHN DOE, individually** ) | |
| **and in his capacity as Officer in the City of Everett** ) | |
| **Police Department** ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

The Defendants, City of Everett; Mayor David Ragucci; James Rogers; John Cristiano; John

Ellsworth; Matthew Cunningham; Alfred Sabella; and John Doe (hereinafter "Defendants"), hereby

file this joint answer to the Plaintiff's Complaint, expressly reserving all rights to seek additional

relief or raise additional defenses to the allegations contained in the Plaintiff's Complaint by

appropriate motion.

The Defendants answer each and every paragraph of the Plaintiff's Complaint as follows:

## JURISDICTION

1.      The Defendants do not respond to the allegations of the section of the Plaintiff's
Complaint entitled paragraph 1, Jurisdiction, as they state conclusions of law to which no
response is required.

## PARTIES

2.      The Defendants are without sufficient knowledge or information to form a belief as
to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled
Paragraph 2, Parties.

3.      The Defendants admit that the City of Everett is a public employer. The Defendants
do not respond to those allegations which state a conclusion of law to which no response is
required. Defendants are without sufficient knowledge or information to form a belief as to
the truth of the remaining allegations contained in the section of the Plaintiff's Complaint
entitled Paragraph 3, Parties. To the extent that the allegations attempt to impose liability on
the Defendants, they are denied.

4      The Defendants admit that Mayor David Ragucci is the Mayor of Everett,
Massachusetts. Defendants are without sufficient knowledge or information to form a belief
as to the truth of the remaining allegations contained in the section of the Plaintiff's
Complaint entitled Paragraph 4, Parties. To the extent that the allegations attempt to impose
liability on the Defendants, they are denied.

5.      The Defendants admit that James Rogers was the Chief of Police for the Everett
Police Department at the time of the incident as alleged in the Plaintiff's Complaint.
Defendants are without sufficient knowledge or information to form a belief as to the truth

of the remaining allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 5, Parties. To the extent that the allegations attempt to impose liability on the Defendants, they are denied

6.    Admitted.

7.    The Defendants deny that John Ellsworth is an Officer for the City of Everett Police Department. The Defendants admit that John Ellsworth was an Officer for the City of Everett Police Department on or about March 6, 2002 and is a citizen of the Commonwealth of Massachusetts.

8.    Admitted.

9.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 9, Parties.

10.    Admitted.

## FACTUAL ALLEGATIONS

11.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 11, Factual Allegations.

12.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 12, Factual Allegations.

13.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 13, Factual Allegations.

14.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 14, Factual Allegations

15.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 15, Factual Allegations.

16.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 16, Factual Allegations.

17.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 17, Factual Allegations.

18.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 18, Factual Allegations.

19.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 19, Factual Allegations.

20.    Denied.

21.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 21, Factual Allegations.

22.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 22, Factual Allegations.  To the extent that the allegations attempt to impose liability on the Defendants, they are denied.

23.    Denied.

24.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 24, Factual Allegations.  To the extent that the allegations attempt to impose liability on the defendants, they are denied.

25.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 25, Factual Allegations.  To the extent that the allegations attempt to impose liability on the defendants, they are denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 30, Factual Allegations.  To the extent that the allegations attempt to impose liability on the defendants, they are denied.

31.    Denied

32    Denied

33.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 33, Factual Allegations.

## CAUSES OF ACTION

## COUNT I

### (42 U.S.C. § 1983 and 1988 – CITY OF EVERETT/MAYOR DAVID RAGUCCI/ CHIEF JAMES ROGERS)

34.    The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein.

35.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 35. To the extent that the allegations attempt to impose liability on the defendants, they are denied.

36.    Denied.

37.    Denied.

38.    Denied.

39 (a-d).    Denied.

40.    Denied.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## COUNT II

### (42 U.S.C. §§ 1983 and 1988 – LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

6

41.    . The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein.

42.    Denied.

43.    Denied.

44 (a-d).    Denied.

45.    Denied.

WHEREFORE, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## PENDANT CLAIMS

## COUNT III

### (MASSACHUSETTS TORT CLAIMS ACT, M.G.L. c. 258 – CITY OF EVERETT/MAYOR DAVID RAGUCCI)

46.    The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein

47.    Denied.

48.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 48. To the extent that the allegations attempt to impose liability on the defendants, they are denied.

49.    Denied.

50.    Denied.

51.    Denied.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## COUNT IV

## (MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12, § 111 – CITY OF EVERETT/MAYOR DAVID RAGUCCI)

52.    The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein.

53.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 53. To the extent that the allegations attempt to impose liability on the defendants, they are denied.

54.    Denied.

55.    Denied.

56(a-d).    Denied.

57.    Denied.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## COUNT V

## (ASSAULT AND BATTERY V. LIEUTENANT JOHN CRISTIANO)

58.    The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein.

59.    Denied.

60.    Denied.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees

## COUNT VI

### (FALSE IMPRISONMENT V. LIEUTENANT JOHN CRISTIANO)

61.    The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein.

62.    Denied.

63.    Denied.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## COUNT VII

### (MALICIOUS PROSECUTION V. LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

64.    The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein.

65.    Denied.

66.    Denied.

67.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the section of the Plaintiff's Complaint entitled Paragraph 67. To the extent that the allegations attempt to impose liability on the defendants, they are denied.

68.    Denied

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## COUNT VIII

### (ABUSE OF PROCESS V. LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

69. The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein

70. Denied.

71. Denied.

72. Denied.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## COUNT IX

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS V. LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

73. The Defendants hereby incorporate their answers to all previous Paragraphs as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## COUNT X

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS V. LIEUTENANT JOHN CRISTIANO, JOHN ELLSWORTH, MATTHEW CUNNINGHAM, ALFRED SABELLA AND JOHN DOE)

78.     The Defendants hereby incorporate their answers to all previous Paragraphs as if

fully set forth herein.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

The Defendants further deny that the Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims fail to state claims upon which relief can be granted and therefore should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the violations and injuries which he alleges were due to the acts and conduct of the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the actions of the Defendants were reasonable under the circumstances.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the Defendants John Cristiano, John Ellsworth, Matthew Cunningham and Alfred Sabella acted in good faith.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the acts to which the Plaintiff's Complaint refer do not rise to the level of deprivation of constitutional rights under the circumstances of the case.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the conduct of the Defendants was privileged.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the Defendants John Cristiano, John Ellsworth, Matthew Cunningham and Alfred Sabella are protected by qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred under the statute of limitations and/or the doctrine of latches.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the acts of the Defendants were within the Defendants' discretionary function.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the Defendants acted with probable cause to believe that the Plaintiff had engaged in criminal conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable from the Defendant municipality, City of Everett.

## TWELFTH AFFIRMATIVE DEFENSE

The liability of the Defendants is either limited by or exempted by Massachusetts General Laws Ch. 258.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff failed to make a proper presentment pursuant to M.G.L. 258 §4.

## FOURTEENTH AFFIRMATIVE DEFENSE

The defendant, City of Everett, cannot be held liable for the alleged actions of its employees under the theory of respondent superior.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

## JURY CLAIM

The Defendants respectfully claim a trial by jury of all claims raised in the Plaintiff's Complaint and each defense thereto.

By Their Attorneys,

John A. Kiernan (BBO #271020)
Kenneth H. Naide (BBO #643213)
BONNER KIERNAN TREBACH &
CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED:  APRIL 5, 2005

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been mailed, this 5th day of April, 2005, to all counsel of record.

Peter Charles Horstmann, Esq.
Partride, Ankner & Horstmann, LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116

Kenneth H. Naide